**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**ORLANDO DIVISION**
**CASE NO.:**

**ISABELL LANG,**
**an Individual,**

**Plaintiff,**

**v.**

**WALT DISNEY PARKS AND RESORTS U.S., INC.,**
**a Florida Profit Corporation,**

**Defendant.**
______________________________________________/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

Plaintiff, **ISABELL LANG** ("Plaintiff"), by and through her undersigned counsel, hereby files this Complaint against Defendant, **WALT DISNEY PARKS AND RESORTS U.S., INC.** ("Defendant"), and states as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA"), the Americans with Disabilities Act, 42 U.S.C. § 12101, *et seq*. ("ADA"), and Chapter 760 of the Florida Civil Rights Act ("FCRA") seeking recovery from Defendant for back pay, an equal amount as liquidated damages, other monetary damages, reinstatement, compensatory damages, injunctive relief, equitable relief, front pay, declaratory

relief, and reasonable attorneys' fees and costs.

## PARTIES, JURISDICTION, AND VENUE

2. Plaintiff is an adult individual.

3. Defendant is a Florida Profit Corporation that is located and does business in Orange County, Florida, and is therefore within the jurisdiction of this Court.

4. At all times relevant hereto, Plaintiff was an employee of Defendant, and worked in Orange County, Florida.

5. Plaintiff worked for Defendant in Orange County, Florida, and therefore the proper venue for this case is the Orlando Division of the Middle District of Florida.

6. This Court has jurisdiction over Plaintiff's FMLA claims pursuant to 28 U.S.C. § 1337 and the FMLA, and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201, *et seq*.

7. At all times relevant hereto, Defendant was an employer covered by the FMLA, because it was engaged in commerce or in an industry affecting commerce which employed 50 or more employees within 75 miles of where Plaintiff worked, for each working day during each of 20 or more calendar workweeks, prior to seeking leave under the FMLA.

8. At all times relevant hereto, Plaintiff was an employee entitled to leave

under the FMLA, based on the fact that: (a) Plaintiff suffered from a serious health condition as defined by the FMLA, necessitating Plaintiff to take FMLA leave to treat same; and (b) she was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

9. This Court has jurisdiction over Plaintiff's ADA claims pursuant to 28 U.S.C. § 1331, as they arise under 42 U.S.C. § 12101, *et seq*.

10. This Court also has supplemental jurisdiction over Plaintiff's FCRA claims, as they arise out of the same operative facts and circumstances as her FMLA/ADA claims.

11. At all times material, Plaintiff was protected during her employment with Defendant by the FCRA and ADA because Plaintiff was a disabled or "perceived as disabled" employee who suffered discrimination because of her disability or "perceived disability" by Defendant.

12. At all times material, Plaintiff was protected during her employment with Defendant by the FCRA and ADA because Plaintiff was retaliated against and suffered adverse employment action as a result of her disability or "perceived disability," and her request for reasonable accommodation.

13. Defendant was at all times an "employer" as envisioned by the ADA and FCRA as it employed in excess of fifteen (15) employees.

## CONDITIONS PRECEDENT

14. On or around March 5, 2026, Plaintiff dual-filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and Florida Commission on Human Relations ("FCHR") alleging disability discrimination and retaliation against Defendant.

15. On or around June 30, 2026, the EEOC issued a Notice of Right to Sue against Defendant, giving Plaintiff the right to bring a civil action on her federal discrimination claims within 90 days of her receipt of the same.

16. More than 180 days have passed since the filing of the Charge of Discrimination with no determination from the FCHR, giving Plaintiff the right to bring a civil action on her state discrimination claims.

17. Plaintiff timely files this action within the applicable period of limitations against Defendant.

18. All conditions precedent to this action have been satisfied and/or waived.

## FACTUAL ALLEGATIONS

19. Plaintiff worked for Defendant as a Back of the House Utilities Custodial Worker from May 18, 2023, until her termination on July 6, 2025.

20. During her tenure, Plaintiff was an excellent employee, who had no significant history of non-ADA/FMLA/FCRA related attendance, performance, or

disciplinary issues.

21. On May 27, 2024, Plaintiff submitted paperwork to request medical leave in order to obtain gender reaffirming surgery, five months in advance of Plaintiff's scheduled surgery.

22. It wasn't until October 22, 2024 when Plaintiff was notified of her rights under the FMLA, well past the 5-day period as required under the FMLA.

23. Plaintiff applied and was approved for short term disability until February 9, 2025.

24. During this time, Plaintiff underwent two surgical procedures and required medical leave to recover. Plaintiff returned from leave and rejoined the workplace on February 9, 2025.

25. In May 2025, Plaintiff suffered from a flare up of anemia and Complex Post-Traumatic Stress Disorder.

26. In mid-May 2025, Plaintiff made the reasonable accommodation request of taking occasional leave for her disabilities, and applied for intermittent FMLA leave to deal with these conditions.

27. Plaintiff received approval for her intermittent FMLA leave application on May 31, 2025.

28. In mid-June 2025, after Plaintiff had used a few days of her intermittent FMLA leave to treat her health concerns, Plaintiff noticed that she was receiving

attendance "points," which are demerits for when an employee does not arrive for their scheduled shift.

29. Plaintiff sent a message to HR, inquiring as to the reason she was accumulating attendance points when she was granted intermittent FMLA leave.

30. The next day, Plaintiff's manager, Ada Morales ("Ms. Morales"), notified Plaintiff that Defendant's HR Department committed an error on Plaintiff's leave for the aforementioned gender reaffirmation surgery, and that Plaintiff had to attend work, despite her grant of FMLA leave.

31. Plaintiff utilized FMLA leave for her health conditions on June 27, June 29, and July 4, 2025.

32. On July 6, 2025, HR representative Sherre Sachar ("Ms. Sachar") sent a letter informing Plaintiff that Defendant had decided to terminate Plaintiff's employment, effective immediately.

33. Defendant stated that the reason for Plaintiff's termination was due to her attendance points, despite the fact that Defendant had notified Plaintiff that she was receiving FMLA and requested accommodations for her disability.

34. It is clear that Defendant terminated Plaintiff because she suffered a disability/serious health condition, and required reasonable, non-burdensome accommodation and/or FMLA leave for same.

35. Any other "reason" theorized after the fact by Defendant or its attorneys

for Defendant's termination of Plaintiff's employment is pure pretext.

36. Defendant's adverse employment actions recounted herein were taken in interference with, and retaliation for, Plaintiff disclosing her serious health condition and for taking protected FMLA leave.

37. Defendant did not have a legitimate, non-retaliatory reason, for its actions.

38. Defendant's conduct constitutes intentional interference and retaliation under the FMLA.

39. The timing of Plaintiff's disclosure of her serious health condition and her use of protected FMLA leave and Defendant's termination of her employment alone demonstrates a causal and temporal connection between her protected activity and the illegal actions taken against her by Defendant.

40. Defendant lacked a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

41. Plaintiff is an individual with a disability who, with or without, reasonable accommodation, was fully capable of performing the essential functions of her job as a Custodial back of house utilities.

42. In reality, Defendant's termination of Plaintiff stemmed from its discriminatory animus toward her disability and request for accommodation under the ADA/FCRA.

43. By reason of the foregoing, Defendant's actions, and non-actions, affected the "terms, conditions or privileges" of Plaintiff's employment as envisioned by the ADA/FCRA.

44. The timing of Plaintiff's termination makes the causal connection between her use of reasonable accommodation under the ADA/FCRA, and her termination sufficiently clear.

45. Pleading in the alternative, Defendant perceived Plaintiff as being "disabled," and therefore unable to perform the essential functions of her position, despite the fact that Plaintiff could perform same with reasonable accommodation.

46. As a result of Defendant's illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

47. Plaintiff has retained the law firm of RICHARD CELLER LEGAL, P.A., to represent her in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COUNT I: UNLAWFUL INTERFERENCE UNDER THE FMLA

48. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 8, 19 through 38, 40, and 46 through 47, above.

49. At all times relevant hereto, Plaintiff was protected by the FMLA.

50. At all times relevant hereto, Plaintiff was protected from interference

under the FMLA.

51. At all times relevant hereto, Defendant interfered with Plaintiff by discouraging her use of FMLA and/or failing to restore Plaintiff to the same position or an equivalent position after her return from FMLA leave.

52. As a result of Defendant's willful and unlawful acts via interfering with Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

53. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II: UNLAWFUL RETALIATION UNDER THE FMLA

54. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 8, 19 through 40, and 46 through 47, above.

55. At all times relevant hereto, Plaintiff was protected by the FMLA.

56. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

57. At all times relevant hereto, Defendant retaliated against Plaintiff by

terminating her for her use of FMLA-protected leave.

58. Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff disclosed her serious health condition and her use or attempted use of leave pursuant to the FMLA.

59. As a result of Defendant's intentional, willful, and unlawful acts by retaliating against Plaintiff for exercising or attempting to exercise her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

60. As a result of Defendant's willful violations of the FMLA, Plaintiff is entitled to liquidated damages.

**WHEREFORE**, Plaintiff requests that this Court enter an Order awarding her back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT III: DISABILITY DISCRIMINATION UNDER THE ADA FAILURE TO ACCOMMODATE

61. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 5, 9, 11, 13 through 15, 17 through 35, 41 through 43, and 46 through 47, above.

62. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the ADA.

63. The discrimination to which Plaintiff was subjected was based on her disability and/or "perceived disability."

64. Defendant failed to provide reasonable accommodations and failed to engage in the interactive process with Plaintiff to find reasonable accommodations, in violation of the ADA.

65. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and/or other non-pecuniary losses.

66. Plaintiff has suffered damages as a result of Defendant's illegal conduct toward her.

67. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

68. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

69. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff requests a judgment in her favor and against

Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

**COUNT IV: DISABILITY DISCRIMINATION UNDER THE FCRA FAILURE TO ACCOMMODATE**

70. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 5, 10 through 11, 13 through 14, 16 through 35, 41 through 43, and 46 through 47, above.

71. The acts of Defendant, by and through its agents and employees, violated Plaintiff's rights against disability discrimination under the FCRA, Chapter 760, Florida Statutes.

72. The discrimination to which Plaintiff was subjected was based on her disability/handicap, or "perceived disability."

73. Defendant failed to provide reasonable accommodations and failed to engage in the interactive process with Plaintiff to find reasonable accommodations, in violation of the FCRA.

74. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary

losses.

75. The conduct of Defendant was so willful, wanton, and in reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it, and others, from such conduct in the future.

76. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to section 760.11(5), Florida Statutes.

77. Plaintiff has no plain, adequate or complete remedy at law for the actions of Defendant, which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

## COUNT V: RETALIATION UNDER THE ADA BASED ON DISABILITY

78. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 5, 9, 12 through 15, 17 through 35, 37, 41 through 44, and 46 through 47, above.

79. Plaintiff was terminated within close temporal proximity of her request for reasonable accommodation.

80. Plaintiff's request for reasonable accommodation constituted protected

activity under the ADA.

81. Plaintiff was terminated as a direct result of her request for reasonable accommodation.

82. Plaintiff's protected activity, and her termination, are causally related.

83. Defendant's stated reasons for Plaintiff's termination are a pretext.

84. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

85. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

86. Plaintiff is entitled to recover reasonable attorneys' fees and litigation expenses pursuant to 42 U.S.C. § 12205.

87. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to,

front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other and further relief as is deemed proper by this Court.

**COUNT VI: RETALIATION UNDER THE FCRA BASED ON DISABILITY**

88. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1 through 5, 10, 12 through 14, 16 through 35, 37, 41 through 44, and 46 through 47, above.

89. Plaintiff was terminated within close temporal proximity of her request for reasonable accommodation.

90. Plaintiff's request for reasonable accommodation constituted protected activity under the FCRA.

91. Plaintiff was terminated as a direct result of her request for reasonable accommodation.

92. Plaintiff's protected activity, and her termination, are causally related.

93. Defendant's stated reasons for Plaintiff's termination are a pretext.

94. The conduct of Defendant and its agents and employees proximately, directly, and foreseeably injured Plaintiff, including, but not limited to, lost wages and benefits, future pecuniary losses, emotional pain and suffering, humiliation, inconvenience, mental anguish, loss of enjoyment of life, and other non-pecuniary losses.

95. The conduct of Defendant was so willful and wanton, and in such reckless disregard of the statutory rights of Plaintiff, as to entitle her to an award of punitive damages against Defendant, to deter it and others from such conduct in the future.

96. Plaintiff is entitled to recover her reasonable attorneys' fees and litigation expenses pursuant to Section 760.11(5), Florida Statutes.

97. Plaintiff has no plain, adequate, or complete remedy at law for the actions of Defendant which have caused, and continue to cause, irreparable harm.

**WHEREFORE,** Plaintiff requests a judgment in her favor and against Defendant for her actual and compensatory damages, including, but not limited to, front pay, back pay, emotional distress damages, and punitive damages, as well as her costs and attorneys' fees, declaratory and injunctive relief, and such other relief as is deemed proper by this Court.

***(Remainder of page left intentionally blank)***

**DEMAND FOR JURY TRIAL**

Plaintiff demands trial by jury on all issues so triable.

DATED this 25th day of September, 2026.

Respectfully Submitted,

***/s/ Tanner M. Borges***
Tanner M. Borges, Esq.
Florida Bar No. 1035473
RICHARD CELLER LEGAL, P.A.
7951 SW 6th St, Suite 316
Plantation, Florida 33324
Telephone: (866) 344-9243
Facsimile: (954) 337-2771
E-Mail: tanner@floridaovertimelawyer.com

*Attorneys for Plaintiff*